UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Duracell U.S. Operations, Inc.,

                              Plaintiff,

                - against -

Energizer Brands, LLC,

                              Defendant.

Case No. _____

**COMPLAINT**

**JURY TRIAL DEMANDED**

Duracell U.S. Operations, Inc. ("Duracell" or "Plaintiff"), by its attorneys Paul, Weiss, Rifkind, Wharton & Garrison LLP, for its Complaint against Energizer Brands, LLC ("Energizer" or "Defendant"), alleges as follows:

## NATURE OF THE ACTION

1.      Duracell brings this action for injunctive relief and damages to halt a blatantly false and deceptive advertising campaign started by its main competitor, Energizer, regarding the purported superior longevity (*i.e.*, battery life) of Energizer's MAX batteries. The advertising at issue in this case is a clear effort by Energizer to expand its market share—at Duracell's expense—by misrepresenting key performance characteristics of its MAX batteries as compared to Duracell Coppertop batteries.  In the absence of true product innovation, Energizer has chosen to engage in advertising that prominently features untrue statements about MAX batteries (and how those batteries compare to others, including Duracell's Coppertop batteries) to drive sales.

2.      Duracell has already filed counterclaims for damages and injunctive relief related to yet another false and misleading advertising campaign by Energizer, which claims that its batteries are "our #1 longest lasting MAX."  Rather than take steps to correct its false

and misleading "#1 MAX" claims, Energizer has doubled down with a new advertising campaign centered around the even more dubious claim that Energizer MAX batteries are ""UP TO **50%** LONGER LASTING THAN BASIC ALKALINE IN DEMANDING DEVICES."

3.      Duracell and Energizer have been direct competitors at the top of the global household primary (disposable) battery market for more than forty years.  Duracell markets its best-selling Duracell Coppertop AA alkaline batteries within various retail channels in the United States.  Energizer markets its Energizer MAX AA  alkaline batteries within similar channels within the United States.

4.      Throughout the United States (and specifically in this District), Energizer is prominently—but falsely—advertising on the front of the packaging of its AA MAX batteries that those batteries are "UP TO **50%** LONGER LASTING THAN BASIC ALKALINE IN DEMANDING DEVICES."

The same false claim has appeared in promotional materials at national chain retailers, including Sam's Club, Lowe's, Walmart, and Big Lots, and in online offerings for Energizer's MAX batteries.

5.      These claims are false and deceptive attempts by Energizer to confuse and mislead consumers regarding the comparative benefits of Energizer's MAX batteries relative to other alkaline batteries, including those offered by Duracell.

6.      Energizer's conduct violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and state law, for at least four reasons:

a.      *First*, the claim that Energizer MAX batteries are "ᴜᴘ ᴛᴏ **50%**

ʟᴏɴɢᴇʀ ʟᴀsᴛɪɴɢ" conveys the false message that Energizer MAX batteries last longer than most, if not all, other alkaline batteries, including Duracell Coppertop batteries, in most, if not all, devices.

b.      *Second*, the term "basic alkaline," which appears in a small-print disclosure on Energizer's packaging but is not defined, is so broad that it includes—or would be understood by consumers to include—at a minimum, all non-specialized, all-purpose alkaline batteries in the marketplace, including Duracell Coppertop batteries.  In fact, Energizer itself has previously referred to Duracell Coppertop as a "basic tier" alkaline battery in its pending action against Duracell in this District.  But Energizer's MAX batteries are clearly not 50% longer lasting than Duracell Coppertop batteries.

c.      *Third*, the term "demanding devices," which is not defined in Energizer's claim, is so broad that it includes—or would be understood by consumers to include—a broad range of devices in which Energizer MAX batteries do not last up to 50% longer than other alkaline batteries, including Duracell Coppertop batteries.

d.      *Fourth*, Energizer produces its MAX batteries for the U.S. market in numerous plants around the world, and testing reveals that those plants produce batteries with substantial differences in battery life.  MAX batteries manufactured in certain plaints (typically those outside the United States) do not last nearly as long as MAX batteries manufactured in other plants (typically those inside the

United States).  Energizer nonetheless claims that *all* of its MAX batteries are up to 50% longer than other "basic alkaline" batteries.  Energizer's claim is false as to all MAX batteries, but it is even more clearly false as to MAX batteries manufactured outside the United States.

7.     As a consequence of this nationwide course of deception, Energizer has induced unsuspecting customers and consumers to purchase its MAX batteries—and diverted sales from Duracell—by falsely advertising and creating the false impression that MAX batteries are longer lasting, when in truth and fact they are not.

8.     Energizer's false and misleading advertising will cause and is causing irreparable harm to the Duracell brand, its reputation, and its goodwill as the market leader in the household battery segment.  By this action, Duracell seeks injunctive relief, corrective advertising, and damages occasioned by Energizer's false and misleading advertising, which unjustly benefits Energizer to the detriment of Duracell and consumers.

## PARTIES

9.     Plaintiff Duracell is a Delaware corporation with its North American headquarters in Bethel, CT.  Duracell is in the business of developing, manufacturing, marketing and selling batteries and related products in the United States and worldwide.

10.     Defendant Energizer is a Delaware limited liability company with its headquarters in St. Louis, MO.  Energizer is in the business of developing, manufacturing, marketing and selling batteries and related products in the United States and worldwide.

11.     Duracell is the number one domestic brand of U.S. alkaline household batteries and currently has a U.S. market share of approximately 45%.  Energizer, Duracell's closest competitive brand, currently has a U.S. market share of approximately 26%.

**JURISDICTION AND VENUE**

12.   This action for false advertising arises under Section 43(a) of the Lanham Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.* (the "Lanham Act"), unfair and deceptive trade practices under New York General Business Law § 349, false advertising under New York's General Business Law § 350, and the unfair competition or deceptive trade practices statutes of various states as detailed herein.

13.   This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.  This Court has supplemental jurisdiction over the related state and common law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

14.   This Court has personal jurisdiction over Energizer because Energizer transacts business in the state of New York and markets Energizer MAX batteries bearing advertising claims that are false or misleading and likely to confuse consumers within the state.

15.   Venue is proper in this District under 28 U.S.C. § 1391(b)(1), (b)(2), and (c)(2) because Energizer resides in this District and a substantial part of the events giving rise to this action have occurred and will continue to occur within this District.

**BACKGROUND FACTS**

16.   In July and August of 2020, Energizer started a new advertising campaign in which it began advertising that its MAX AA batteries are "UP TO **50%** LONGER LASTING THAN BASIC ALKALINE IN DEMANDING DEVICES."  As depicted below, Energizer's "**50%** LONGER LASTING" claim is prominently emphasized in font that is much larger than the surrounding disclaimers.  For example, the font announcing the "50%" claim is bolded.  It is nearly five times the size of the barely legible disclaimer comparing MAX batteries to "basic alkaline in demanding

devices." It is over three times the size of the limiting phrase "up to" (which introduces the

claim).  It is wide enough that *the three characters* comprising "50%" take up the same amount

of space as the *entire statements* "THAN BASIC ALKALINE" and "IN DEMANDING

DEVICES."



17.    Packages claiming that Energizer MAX batteries are "ᴜᴘ ᴛᴏ **50%**

LONGER LASTING ᴛʜᴀɴ ʙᴀꜱɪᴄ ᴀʟᴋᴀʟɪɴᴇ ɪɴ ᴅᴇᴍᴀɴᴅɪɴɢ ᴅᴇᴠɪᴄᴇꜱ" first appeared in Sam's Club stores, including

the Sam's Club store in Elmsford, New York, located within this District, and on the Sam's

Club website, which markets Energizer MAX for online sale to consumers within this District.

The same claim has also appeared on packages of Energizer MAX batteries sold by other

retailers across the country, including Lowe's home improvement stores, Kroger supermarkets, and "big box" stores such as Target and Walmart.

18. In addition to appearing on product packaging, Energizer's new "**50%** LONGER LASTING" claim appears on prominent in-store advertising in Sam's Club stores. A representative sample of Energizer's in-store advertising in Sam's Clubs is depicted below.



19.  Energizer's "**50%** LONGER LASTING" claim has also appeared on printed coupons.   These coupons claim that Energizer MAX batteries are "NEW & IMPROVED" and "UP TO **50%** LONGER LASTING THAN BASIC ALKALINE IN DEMANDING DEVICES."   A representative sample of these coupons is reproduced below:



**ENERGIZER'S FALSE AND MISLEADING ADVERTISING**

20.  Energizer's claim that its MAX batteries are "UP TO **50%** LONGER LASTING" plainly conveys that Energizer MAX batteries last up to 50% longer than most, if not all alkaline batteries—including Duracell Coppertop batteries—in most, if not all, devices.

That is false, since Energizer MAX batteries are <u>not</u> "up to 50% longer lasting" than Duracell Coppertop batteries.

21.    Significantly, the term "basic alkaline" is not defined anywhere on the Energizer MAX packaging.  That term is so broad that it encompasses all non-specialized, all-purpose alkaline batteries in the marketplace, including Duracell Coppertop batteries.  In fact, Energizer itself has previously referred to Duracell Coppertop as a "basic tier" alkaline battery in its pending action against Duracell in this District.  *See* Compl. ¶ 11, *Energizer Brands, LLC* v. *Duracell U.S. Operations, Inc.*, No. 1:19-cv-09061-JPO, ECF No. 1 (S.D.N.Y. Sept. 30, 2019).

22.    In 2019, Duracell launched a new, premium tier of alkaline batteries— Duracell Optimum.  As Energizer did in its complaint challenging certain advertising for Duracell Optimum batteries, consumers use and understand the term "basic" to differentiate Duracell Coppertop from its "premium" counterpart, Duracell Optimum.

23.    Consumers understand "basic alkaline" to refer to most, if not all, alkaline batteries, which necessarily includes the most obvious point of comparison to MAX batteries: the market leader and Energizer MAX's main competitor, Duracell Coppertop batteries.

24.    Consumers at Sam's Club stores, where Energizer launched its "**50%** LONGER LASTING" campaign, are especially likely to understand "basic alkaline" to refer to Duracell Coppertop batteries, because, until recently, Duracell was the exclusive supplier of household batteries to Sam's Club stores.  Sam's Club consumers will therefore understand the "UP TO **50%** LONGER LASTING THAN BASIC ALKALINE IN DEMANDING DEVICES" claim to be a comparison against

Duracell Coppertop batteries, because those are the very batteries that Energizer MAX is replacing on Sam's Club shelves, and in many locations Energizer MAX batteries appear side by side with Duracell Coppertop batteries.

25.    The term "demanding devices" also is not defined anywhere on the MAX packaging, and does not have a standard meaning, and so consumers will understand that term to include a broad range of devices.

26.    In truth, however, Energizer MAX batteries are not even close to 50% longer lasting than Duracell Coppertop batteries.   In fact, the opposite is true:   Duracell Coppertop batteries last longer than Energizer MAX batteries across several ANSI battery discharge testing standards.

27.    By claiming that Energizer MAX batteries are "ᴜᴘ ᴛᴏ **50%** ʟᴏɴɢᴇʀ ʟᴀꜱᴛɪɴɢ ᴛʜᴀɴ ʙᴀꜱɪᴄ ᴀʟᴋᴀʟɪɴᴇ" batteries, Energizer is deceiving consumers into believing they are purchasing a battery that is longer lasting than the Duracell Coppertop battery, when the consumer is not.

28.    Energizer's "ᴜᴘ ᴛᴏ **50%** ʟᴏɴɢᴇʀ ʟᴀꜱᴛɪɴɢ" claim also is literally false because the longevity of Energizer MAX batteries varies based on where any particular MAX battery is manufactured.

29.    Energizer's MAX batteries offered for sale in the United States are manufactured in various plants around the world, including plants in the United States, Singapore, and Thailand.  More than half of the MAX batteries offered for sale in the United States are manufactured in plants that are located outside the United States.

30.    The life of MAX batteries is fully dependent on where any particular battery is manufactured, as evidenced by comparing testing results of MAX batteries from various manufacturing locations around the globe.  Across the majority of ANSI battery discharge testing standards, the MAX batteries manufactured outside the United States have a significantly shorter life than those MAX batteries that are manufactured inside the United States.

31.    In fact, no MAX batteries, wherever manufactured, last "up to 50% longer" than Duracell Coppertop batteries or most other alkaline batteries.

32.    Nonetheless, Energizer claims that its MAX batteries are "UP TO **50%** LONGER LASTING THAN BASIC ALKALINE IN DEMANDING DEVICES," regardless of where those batteries are manufactured.  That claim is literally false as to all MAX batteries, but especially as to the MAX batteries manufactured in Energizer's foreign plants (which make up more than 50% of the MAX batteries sold in the United States) because those batteries generally have a shorter life under most ANSI battery discharge testing standards than batteries manufactured inside the United States.

33.    Energizer's packaging deceives customers into believing they are purchasing MAX batteries that uniformly are "UP TO **50%** LONGER LASTING THAN BASIC ALKALINE IN DEMANDING DEVICES," when, in fact, MAX batteries manufactured outside the United States generally do not last nearly as long as MAX batteries manufactured in one of its factories in the United States.

## INJURY TO DURACELL

34.    Energizer's false and misleading advertising has influenced and will likely continue to influence customers and consumers in an intensely competitive marketplace to purchase Energizer's battery products instead of Duracell's battery products.

35.    Energizer's false and misleading claims regarding the superior life of its AA MAX battery products are damaging and, unless enjoined, will continue to damage Duracell's ability to compete fairly for market share as well as consumer and customer loyalty on the basis of an exchange of truthful and relevant consumer information.

36.    Duracell has suffered and will continue to suffer irreparable reputational harm, including the tarnishing of its brand and loss of goodwill, and is without an adequate remedy at law for Energizer's knowingly wrongful conduct.

37.    By letter dated July 22, 2020, Duracell's counsel advised Energizer's counsel that Energizer's advertising is false and misleading for the reasons explained above, and demanded that Energizer cease and desist from any further use of the above-referenced advertising claims.  By email dated July 28, 2020, Energizer's counsel promised a response to the cease and desist letter.

38.    After a full month, Energizer still has not responded.  Duracell thus assumes a response will not be forthcoming and that Energizer is not interested in resolving this matter amicably.  Duracell is thus left without any choice but to file the instant lawsuit seeking injunctive relief from this Court to protect its brand and reputation from the ongoing irreparable harm wrought by Energizer's false and misleading advertising.

## FIRST CLAIM FOR RELIEF

### (False Advertising Under the Lanham Act, 15 U.S.C. § 1125(a))

39.    Duracell repeats and realleges each and every allegation contained above as if the same were set forth fully herein.

40.    Energizer, on or in connection with goods it distributes in interstate commerce, has made and is continuing to make false and misleading statements concerning the longevity of its MAX battery products.  These statements constitute false descriptions of fact or false representations of fact as to the nature, characteristics and qualities of its MAX battery products.

41.    Energizer's false descriptions of fact or false representations of fact were made in commercial advertising or promotion and in a manner material to the public's decision to purchase such products.

42.    The foregoing acts of Energizer constitute false descriptions or representations of fact in commercial advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43.    As a result of Energizer's willful conduct, Duracell has suffered irreparable harm, for which it has no adequate remedy at law, and will continue to suffer irreparable injury unless and until Energizer's dissemination of the advertising campaign is enjoined by this Court, pursuant to 15 U.S.C. § 1116.

44.    In addition, Energizer will unjustly reap profits from sales based on consumer reliance on the advertising campaign's false and deceptive statements of fact.

45.    Pursuant to 15 U.S.C. § 1117, Duracell is entitled to actual damages in an amount to be determined at trial, to have such damages trebled, to Energizer's profits, to the costs of this action, and to attorney's fees.

**SECOND CLAIM FOR RELIEF**
**(Deceptive Trade Practices and False Advertising**
**Under the New York General Business Law)**

46.   Duracell repeats and realleges each and every allegation contained above as if the same were set forth fully herein.

47.   Energizer's willful and knowing false advertising and deceptive trade practices were directed toward consumers with the aim of influencing consumers to make purchasing and product decisions based on the false advertising and deceptive trade practices.

48.   By making claims regarding the life of its MAX batteries in a willfully and knowingly false and deceptive manner, Energizer made false claims that were material to the consuming public's purchasing and product decisions.

49.   Energizer's willful and knowing broadcast and dissemination of the false advertising has caused and will cause harm to Duracell and to the consuming public by deceiving them as to the performance and effectiveness of Energizer's and Duracell's batteries.

50.   The foregoing acts of Energizer constitute deceptive trade practices and false advertising in violation of §§ 349 and 350 of the New York General Business Law.

51.   Duracell has suffered and will continue to suffer injury as a result of Energizer's false advertising and deceptive trade practices in the form of lost customers and lost sales, damage to its reputation and brand, and erosion of its goodwill.

**THIRD CLAIM FOR RELIEF**
**(Violations of the Trade Practice Statutes of Other States)**

52.   Duracell repeats and realleges each and every allegation contained above as if the same were set forth fully herein.

53.   Energizer has engaged in misleading, unfair or deceptive acts or practices in the conduct of trade or commerce throughout the United States.  These wrongful acts have

caused Duracell to suffer ascertainable loss of money or property in violation of the trade practice statutes of other states.

54.     Energizer has engaged in misleading, unfair or deceptive acts or practices in violation of ALA. CODE § 8.19-1 *et seq.*

55.     Energizer has engaged in misleading, unfair or deceptive acts or practices in violation of CAL. BUS. & PROF CODE § 17200 *et seq.* & § 17500 *et seq.*

56.     Energizer has engaged in misleading, unfair or deceptive acts or practices in violation of COLO. REV. STAT. § 6-1-101 *et seq.*

57.     Energizer has engaged in misleading, unfair or deceptive acts or practices in violation of CONN. GEN. STAT. § 42-110a *et seq.*

58.     Energizer has engaged in misleading, unfair or deceptive acts or practices in violation of DEL. CODE ANN. tit. 6, § 2511 *et seq.*

59.     Energizer has engaged in misleading, unfair or deceptive acts or practices in violation of GA. CODE ANN. §10-1-392 *et seq.*

60.     Energizer has engaged in misleading, unfair or deceptive acts or practices in violation of IDAHO CODE § 48-601 *et seq.*

61.     Energizer has engaged in misleading, unfair or deceptive acts or practices in violation of IL. §815 ILCS 510/1 *et seq.*

62.     Energizer has engaged in misleading, unfair or deceptive acts or practices in violation of IOWA CODE § 714.16 *et seq.*

63.     Energizer has engaged in misleading, unfair or deceptive acts or practices in violation of LA. REV. STAT. § 51:1401 *et seq.*

64.     Energizer has engaged in misleading, unfair or deceptive acts or practices in violation of ME. REV. STAT. tit. 5, § 205-A *et seq*.

65.     Energizer has engaged in misleading, unfair or deceptive acts or practices in violation of MINN. STAT. § 8.31 *et seq*.

66.     Energizer has engaged in misleading, unfair or deceptive acts or practices in violation of NEB. REV. STAT. § 59-1601 *et seq*.

67.     Energizer has engaged in misleading, unfair or deceptive acts or practices in violation of N.H. REV. STAT. ANN. § 358-A:1 *et seq*.

68.     Energizer has engaged in misleading, unfair or deceptive acts or practices in violation of N.J.S.A. 56:8-1 *et seq*.

69.     Energizer has engaged in misleading, unfair or deceptive acts or practices in violation of N.M. STAT. ANN. § 57-12-1 *et seq*.

70.     Energizer has engaged in misleading, unfair or deceptive acts or practices in violation of N.D. CENT. CODE § 51-15-01 *et seq*.

71.     Energizer has engaged in misleading, unfair or deceptive acts or practices in violation of S.C. CODE § 39-5-10 *et seq*.

72.     Energizer has engaged in misleading, unfair or deceptive acts or practices in violation of S.D. CODIFIED LAWS § 37-24-1 *et seq*.

73.     Energizer has engaged in misleading, unfair or deceptive acts or practices in violation of TENN. CODE ANN. § 47-18-101 *et seq*.

74.     Energizer has engaged in misleading, unfair or deceptive acts or practices in violation of VA. CODE ANN. § 59.1-196 *et seq*.

75.     Energizer has engaged in misleading, unfair or deceptive acts or practices in violation of W. VA. CODE § 46A-6-101 *et seq*.

**FOURTH CLAIM FOR RELIEF**
**(Common Law Unfair Competition)**

76.     Duracell repeats and realleges each and every allegation contained above as if the same were set forth fully herein.

77.     Energizer has engaged in unfair competition by making false and deceptive statements about the life of its MAX battery products, thereby damaging Duracell's ability to compete fairly for market share as well as consumer and customer loyalty on the basis of an exchange of truthful and relevant consumer information.

78.     Energizer acted willfully and in bad faith in making claims about the life of its MAX battery products that it knew to be materially false and deceptive.

79.     The foregoing acts of Energizer constitute false advertising and unfair competition against Duracell in violation of the common law of the State of New York.


WHEREFORE, Duracell demands judgment against Energizer for the following relief:

1.     A judgment declaring that Energizer has:

(a)     violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

(b)     engaged in deceptive trade practices and false advertising in violation of §§ 349 and 350 of the New York General Business Law;

(c)     engaged in deceptive trade practices and false advertising in violation of the trade practice statutes of other states, as set forth above; and

(d)     engaged in unfair competition in violation of the common law of the State of New York;

2.     Preliminary and permanent injunctions enjoining Energizer, its agents, servants, officers, employees, and all those acting under its control or on its behalf from broadcasting, publishing or disseminating, in any form or in any version or in any medium, including but not limited to packaging, television, cable television, print, the Internet or the World Wide Web, any claim that Energizer's AA MAX batteries are "UP TO **50%** LONGER LASTING THAN BASIC ALKALINE IN DEMANDING DEVICES," or any similar claim regarding the superior life of Energizer's MAX batteries;

3.     A mandatory injunction directing Energizer, its agents, servants, officers, employees, and all those acting under its control or on its behalf, to issue corrective advertising to dispel the impact and effect of the false and deceptive claims regarding the life of Energizer's MAX batteries;

4.     An Order directing Energizer to account to Duracell for all gains, profits, savings, and advantages obtained by it as a result of its false advertising and unfair competition, and awarding to Duracell restitution in the amount of all such gains, profits, savings, and advantages;

5.     An Order awarding to Duracell actual damages resulting from Energizer's unlawful conduct, in an amount to be determined at trial and trebled pursuant to 15 U.S.C. § 1117;

6.     An Order awarding to Duracell Energizer's profits attributable to its unlawful conduct, in an amount to be determined at trial and increased in the Court's discretion pursuant to 15 U.S.C. § 1117;

7.     A declaration that this is an "exceptional case" due to the willful nature of Energizer's false advertising, and awarding attorney's fees, costs, and expenses to Duracell pursuant to 15 U.S.C. § 1117;

8.     An Order requiring Energizer to pay Duracell's costs, expenses, and reasonable attorneys' fees pursuant to §§ 349 and 350 of the New York General Business Law;

9.     An Order awarding Duracell punitive damages in an amount sufficient to deter other and future similar conduct by Energizer and others, in view of Energizer's wanton and deliberate unlawful acts; and

10.    An Order granting Duracell such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        September 8, 2020

                            Respectfully submitted,

                            PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

                             /s/ Andrew Gordon

                            Andrew Gordon
                            Darren W. Johnson
                            Aaron Delaney
                            1285 Avenue of the Americas
                            New York, NY  10019-6064
                            Telephone: 212-373-3000
                            Fax: 212-757-3990
                            agordon@paulweiss.com

                            Craig A. Benson*
                            2001 K Street, NW
                            Washington, DC 20006
                            Telephone: 202-223-7300
                            Fax: 202-223-7420
                            cbenson@paulweiss.com

                            *Counsel for Duracell U.S. Operations, Inc.*

                            *Pro hac vice motion forthcoming.*