UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Duracell U.S. Operations, Inc.,

                              Plaintiff,

            - against -

Energizer Brands, LLC,

                              Defendant.

Case No. 1:20-cv-07318-JPO

**ORAL ARGUMENT
REQUESTED**

# DURACELL'S MEMORANDUM OF LAW
## IN SUPPORT OF ITS MOTION FOR A PRELIMINARY INJUNCTION

PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Tel.: (212) 373-3000
Fax: (212) 757-3990

Dated: September 15, 2020

*Attorneys for Duracell U.S. Operations, Inc.*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................1

STATEMENT OF FACTS ............................................................................................3

    A.    The Parties Compete in the Sale of Alkaline Batteries.....................................3

    B.    Energizer Launches a New Marketing Campaign Emphasizing the
            Longevity of Its AA MAX Batteries ..................................................................4

    C.    Energizer's 50% Longer Lasting Claim Is False ...............................................7

    D.    Energizer's False Claim Has Caused, and Will Continue to Cause,
            Irreparable Harm to Duracell...........................................................................9

ARGUMENT...............................................................................................................9

I.      DURACELL IS LIKELY TO PREVAIL ON ITS  FALSE ADVERTISING
        CLAIMS .........................................................................................................10

    A.    Energizer's 50% Longer Lasting Claim Is False .............................................10

    B.    Energizer's 50% Longer Lasting Claim Is Material Because It
            Misrepresents an Inherent Quality or Characteristic of MAX Batteries .........14

II.     DURACELL HAS SUFFERED AND WILL CONTINUE TO SUFFER
        IRREPARABLE HARM IF ENERGIZER'S FALSE ADVERTIZING
        CAMPAIGN IS NOT ENJOINED ........................................................................14

III.    THE EQUITABLE FACTORS FAVOR DURACELL ........................................16

CONCLUSION............................................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Andino* v. *Fischer*,
   555 F. Supp. 2d 418 (S.D.N.Y. 2008) ........................................................................9

*Apotex Inc.* v. *Acorda Therapeutics, Inc.*,
   823 F.3d 51 (2d Cir. 2016) ..........................................................................................14

*Benihana, Inc.* v. *Benihana of Tokyo, LLC*,
   784 F.3d 887 (2d Cir. 2015) ........................................................................................9

*Chobani, LLC* v. *Dannon Co., Inc.*
   157 F. Supp. 3d 190 (N.D.N.Y. 2016)...............................................................15, 16

*CJ Products LLC* v. *Snuggly Plushez LLC*,
   809 F. Supp. 2d 127 (E.D.N.Y. 2011) ............................................................16, 17, 18

*Coca-Cola Co.* v. *Tropicana Prods., Inc.*,
   690 F.2d 312 (2d Cir. 1982) ........................................................................................16

*Danone, US, LLC* v. *Chobani, LLC*,
   362 F. Supp. 3d 109 (S.D.N.Y. 2019) ........................................................................17

*General Mills, Inc.* v. *Chobani, LLC*,
   158 F. Supp. 3d 106 (N.D.N.Y. 2016)........................................................................15

*Johnson & Johnson-Merck Consumer Pharms. Co.*
   v. *Smithkline Beecham Corp.*,
   960 F.2d 294 (2d Cir. 1992) ........................................................................................13

*Johnson & Johnson Vision Care, Inc.* v. *Ciba Vision Corp.*,
   348 F. Supp. 2d 165 (S.D.N.Y. 2004) ........................................................................10

*McNeil-P.P.C., Inc.* v. *Bristol-Myers Squibb Co.*,
   755 F. Supp. 1206 (S.D.N.Y. 1990) ............................................................................14

*McNeil-PPC, Inc.* v. *Pfizer Inc.*,
   351 F. Supp. 2d 226 (S.D.N.Y. 2005) ..................................................................13, 14

*Merck & Co., Inc.* v. *Mediplan Health Consulting, Inc.*,
   425 F. Supp. 2d 402 (S.D.N.Y. 2006) ........................................................................12

*Merck Eprova AG* v. *Brookstone Pharm., LLC*,
   920 F. Supp. 2d 404 (S.D.N.Y. 2013) ........................................................................13

*Merck Eprova AG* v. *Gnosis S.p.A.*,
    760 F.3d 247 (2d Cir. 2014) ...................................................................................10

*North Am. Olive Oil Ass'n* v. *Kangadis Food Inc.*,
    962 F. Supp. 2d 514 (S.D.N.Y. 2013) .................................................................16, 18

*Novartis Consumer Health, Inc.*
    v. *Johnson & Johnson–Merck Pharm. Co.*,
    290 F.3d 578 (3d Cir. 2002) ....................................................................................11

*Reckitt Benckiser, Inc.* v. *Motomco*,
    760 F. Supp. 2d 446 (S.D.N.Y. 2011) ......................................................15, 16, 17, 18

*Res. Developers, Inc.* v. *Statue of Liberty–Ellis Island Found., Inc.*,
    926 F.2d 134 (2d Cir. 1991) ....................................................................................13

*S.C. Johnson & Son, Inc.* v. *Clorox Co.*,
    241 F.3d 232 (2d Cir. 2001) ................................................................................10, 14

*Tiffany (NJ) Inc.* v. *eBay, Inc.*,
    600 F.3d 93 (2d Cir. 2010) ......................................................................................11

*Time Warner Cable, Inc.* v. *DIRECTV, Inc.*,
    497 F.3d 144 (2d Cir. 2007) ...........................................................................11, 12, 15

## STATUTES

15 U.S.C. § 1125(a) ................................................................................................10

## OTHER AUTHORITIES

Federal Rule of Civil Procedure 65 ...............................................................................1

Duracell U.S. Operations, Inc. ("Duracell" or "Plaintiff") respectfully submits this Memorandum of Law, and the Declarations of Raymond Iveson ("Iveson Decl."), Tatiana Vivienne Jouanneau ("Jouanneau Decl."), and Dr. Yoram Wind ("Wind Decl.") in support of its motion against Energizer Brands, LLC ("Energizer"), pursuant to Federal Rule of Civil Procedure 65, for a preliminary injunction.

## PRELIMINARY STATEMENT

Duracell and Energizer have been competitors at the top of the global household battery market for more than forty years. During that time, through the expenditure of enormous effort and resources, Duracell has built its Duracell Coppertop batteries as the market leader in sales of alkaline batteries for household use. Energizer currently sits in second place.

Unable over the years to take sales away from Duracell through legitimate competition and product innovation, last month, Energizer launched a false advertising campaign that will unfairly and irreparably erode Duracell's goodwill and brand equity by deceiving consumers about the purported superior battery life of Energizer's competing MAX batteries. Product testing demonstrates that Energizer's claims are plainly untrue. Accordingly, Duracell brings this action for injunctive relief to halt this blatantly false and deceptive advertising campaign.

The advertising at issue in this case is a clear effort by Energizer to drive sales—at Duracell's expense—by misrepresenting key performance characteristics of its MAX batteries as compared to Duracell Coppertop batteries. Specifically, Energizer is prominently—but falsely—advertising on the front of the packaging of its AA MAX batteries that those batteries are "UP TO **50%** LONGER LASTING THAN BASIC ALKALINE IN DEMANDING

DEVICES." The same false claim has appeared in promotional materials at national chain retailers, including Sam's Club, Lowe's, Walmart, and Big Lots, and in online offerings for Energizer's MAX batteries.

Energizer's advertising violates the Lanham Act in two distinct ways. *First*, Energizer's claim is *literally false* under the Lanham Act (and New York law) because, when viewed in context, it unambiguously makes a performance comparison between MAX batteries and all "basic alkaline batteries"—a category that unambiguously includes Duracell Coppertop batteries and other brands of non-specialized household alkaline batteries—that is not true. Indeed, product testing shows that, contrary to Energizer's claim, MAX batteries *do not* outlast Duracell Coppertop batteries at all, much less by anything even approaching 50%. Nor do Energizer's MAX batteries last up to 50% longer than nearly all other basic alkaline batteries.

*Second*, Energizer's claim is also *implicitly false* because it leaves consumers with the false impression that MAX batteries last longer than other alkaline batteries, including Duracell Coppertop batteries, when in fact they do not. Survey testing confirms that a majority of consumers (understandably) interpret Energizer's advertisement to mean that its MAX batteries outlast all, or most, other alkaline batteries by up to 50% when used in all, or most, devices. But that misimpression, too, is flatly contradicted by the testing results discussed above.

Immediate injunctive relief is therefore warranted—and necessary. Energizer's false claim is causing Duracell irreparable harm and deceiving consumers. Indeed, as Energizer's direct competitor, Duracell has suffered and will continue to suffer severe damage to the core of its business, including the loss of potential customers, damage

to its reputation, tarnishing of its brand, and erosion of consumer goodwill as a result of Energizer's false claims.

Because Duracell is likely to succeed on the merits of its claims and is suffering irreparable harm each day that Energizer makes its false comparative claims, Duracell respectfully requests that this Court enter a preliminary injunction putting an immediate stop to Energizer's campaign of deception.

## STATEMENT OF FACTS

### A.    The Parties Compete in the Sale of Alkaline Batteries

Duracell and Energizer have been direct competitors at the top of the global household primary (disposable) market for more than forty years.  Jouanneau Decl. ¶ 19. Duracell markets its best-selling Duracell Coppertop AA alkaline batteries within various retail channels in the United States.  Energizer markets its Energizer MAX AA alkaline batteries within similar channels within the United States.

Since introducing the Duracell Coppertop batteries, Duracell has spent millions of dollars on research and development to improve the quality of its AA batteries, and millions more marketing Duracell Coppertop batteries to U.S. consumers.  *Id.* at ¶ 19. These efforts have clearly earned Duracell substantial consumer goodwill, brand equity, and a well-deserved reputation for reliability and longevity.  Indeed, Duracell has become a trusted brand of battery in the United States and a market leader, accounting for 47% of household alkaline battery sales in the U.S. market.  *Id.* at ¶ 7.

Energizer is Duracell's next nearest competitor, with 26.4% of U.S. sales of household alkaline batteries.  *Id.*  Other competitor brands include Amazon Basics (4% of sales), Rayovac (9% of sales), and various private label brands (11.3% of sales).  *Id.* at ¶ 10.  Together, with Duracell and Energizer, these brands account for 98% of U.S. battery

sales.  *Id.*  A handful of small brands, such as ACDelco, Allmax, Fuji, and Sunbeam, with limited brand equity and consumer awareness, make up the remaining 2%.  *Id.*

Given their respective market positions, Duracell and Energizer regularly compete for shelf space, and to promote their products in retail stores using descriptive product packaging and branded display cases.  In most instances, the Duracell Coppertop batteries and Energizer MAX batteries are sold side by side.  *Id.* at ¶ 16.  Some retailers alternatively choose to feature one brand exclusively.  For example, Duracell was until recently the exclusive provider of batteries for sale in Sam's Club stores.  Energizer now has a contract to be Sam's Club's exclusive household battery supplier.  *Id.* at ¶ 14.

**B.    Energizer Launches a New Marketing Campaign Emphasizing the Longevity of Its AA MAX Batteries**

In July and August 2020, Energizer started a new advertising campaign in which it began advertising that its MAX AA batteries are "UP TO **50%** LONGER LASTING THAN BASIC ALKALINE IN DEMANDING DEVICES" (the "50% Longer Lasting Claim" or "Claim").  *Id.* at ¶ 12.

As depicted below, Energizer's "**50%** LONGER LASTING" claim is prominently emphasized in font that is much larger than the surrounding disclaimers.  For example, the font announcing the "50%" claim is bolded.  It is nearly five times the size of the barely legible disclaimer comparing MAX batteries to "basic alkaline in demanding devices."  It is over three times the size of the limiting phrase "up to" (which introduces the claim).  It is wide enough that *the three characters* comprising "50%" take up the same amount of space as the *entire statements* "THAN BASIC ALKALINE" and "IN DEMANDING DEVICES."



*See* Jouanneau Decl. ¶ 13.

Since launching the 50% Longer Lasting Claim at Sam's Club stores, Energizer has expanded its distribution of MAX batteries with packaging bearing the Claim to several additional retailers, including Best Buy, Home Depot, Lowe's, Stop and Shop, Target, Big Lots, and Walmart. *Id.* at ¶ 15. And the 50% Longer Lasting Claim has also appeared on product display cases, and in print and online advertisements.



Sam's Club Store Display at 815 Clepper Lane, Cinncinnati, OH 45245.
*See* Jouanneau Decl. ¶ 17.



Coupon Printed in the Cincinnati Enquirer on August 16, 2020.
*See* Jouanneau Decl. ¶ 17.

6

**C.      Energizer's 50% Longer Lasting Claim Is False**

Testing reveals that, contrary to Energizer's claim, MAX batteries are *nowhere near* "up to 50% longer lasting" than most brands of household alkaline batteries, including Duracell Coppertop batteries.  Iveson Decl. ¶ 22.  Rather, in longevity tests conducted by Duracell, MAX batteries consistently and repeatedly failed even to approach performance that would satisfy the 50% Longer Lasting Claim, and in some cases were actually outperformed by Duracell Coppertop batteries (and other brands).  *Id.* at ¶ 23.

| Longevity of Household Batteries in ANSI Standard Tests[1] (Measured in Service Hours/Pulses) | | | | | | | |
|---|---|---|---|---|---|---|---|
| | **All MAX 2020**[2] | **Duracell Coppertop** | **Amazon Basic** | **Rayovac Fusion** | **Eveready Gold** | **Eveready Silver Alkaline** | **AC Delco** |
| ANSI Radio/Remote | 53.9 | 52.4 | 50.6 | 53.7 | 46.8 | 52.2 | 45.6 |
| ANSI Audio | 27.2 | 25.0 | 24.2 | 26.8 | 22.1 | 23.6 | 22.7 |
| ANSI CD | 9.7 | 8.9 | 8.4 | 9.6 | 8.0 | 7.9 | 7.6 |
| ANSI Flashlight | 8.3 | 7.4 | 7.2 | 8.2 | 7.0 | 7.2 | 6.6 |
| ANSI Toy | 8.9 | 8.3 | 7.7 | 8.8 | 6.7 | 7.5 | 7.3 |
| ANSI Personal Groomer | 1.4 | 1.4 | 1.2 | 1.4 | 1.0 | 0.7 | 0.7 |
| ANSI Digital Camera | 111.3 | 144.2 | 105.0 | 124.6 | 79.1 | 58.8 | 73.0 |

---

[1]    The American National Standards Institute (ANSI) has seven standardized battery discharge tests for AA alkaline batteries.  ANSI testing is used industry-wide to measure the performance characteristics of household batteries, including longevity, across a range of discharge conditions.  Data in this chart is measured in "service hours" or "pulses."  *See* Iveson Decl. ¶ 11.

[2]    "All MAX 2020" represents the average performance of Energizer MAX batteries manufactured in different locations, bearing the 50% Longer Lasting Claim, and tested by Duracell.  The life of MAX batteries is fully dependent on where any particular battery is manufactured, as evidenced by comparing testing results of MAX batteries from various manufacturing locations around the globe.  Across the vast majority of ANSI battery discharge testing standards, the MAX batteries manufactured outside the United States have a significantly shorter life than those MAX batteries that are manufactured inside the United States.  Energizer's Claim is false as to all MAX batteries, regardless of where they are manufactured.  *See* Iveson Decl. ¶ 25.

As these test results demonstrate, Energizer's 50% Longer Lasting claim is only (barely) true with respect to Eveready Silver (a third-tier battery sold by Energizer) and AC Delco batteries under certain ANSI test conditions. Importantly, Eveready Silver and AC Delco batteries together account for *less than one percent* of the sales volume of household batteries in the United States. Beyond those batteries listed in the table above, no other brand tested has more than 0.1% market share.

Notably, Energizer's inclusion of the qualifying phrases "up to," "basic alkaline," and "demanding devices" does nothing to remedy the falsity of the 50% Longer Lasting Claim. A well-designed, controlled, double-blinded consumer perception survey shows that, if anything, those terms only reinforce in consumers' minds the assertion that MAX batteries last longer than most, or all, alkaline batteries when used in most, or all, types of devices. *See* Declaration of Yoram (Jerry) Wind ¶ 3, Ex. 1 ("Wind Report"). Specifically, 92.3% of consumers in the test group believed, based on the packaging, that MAX batteries also last up to 50% longer than all other alkaline batteries, versus 40.3% in the control group, yielding a net rate of confusion of 52%. Wind Report at 22, 26, 28–29, Exs. 1, 4, 6. In addition, a substantial majority of consumers in the test group (65.7%) understood the Claim to mean that Energizer MAX batteries last up to 50% longer in all or most types of devices, relative to 33.6% of the control group, for a net rate of 32.1%. Wind Report at 22, 27, 29–31, Exs. 1, 4, 7.

As shown above, however, those claims are simply untrue: Energizer MAX batteries last up to 50% longer than, at best, a small number of brands that represent less than 4% of household alkaline batteries sold in the United States. *See* Iveson Decl. ¶ 23. And even when compared to those batteries, Energizer MAX only lasts close to "up to 50%

longer" under certain ANSI test conditions.  Thus, rather than qualifying or limiting the Claim, Energizer's disclosure further deceives the purchasing public into believing Energizer MAX batteries last up to 50% longer than most, or all, other alkaline batteries—including Duracell Coppertop batteries—under certain ANSI test conditions.

> **D.**     **Energizer's False Claim Has Caused, and Will Continue to Cause, Irreparable Harm to Duracell**

Duracell has built a well-earned reputation as a trusted battery brand, and that goodwill is a substantial reason why Duracell is the market leader in the sale of alkaline household batteries.  If Energizer is allowed to continue to mislead consumers into believing that MAX batteries are up to 50% longer lasting than Duracell Coppertop batteries, the reputational damage—including loss of goodwill—that will result, is not readily ascertainable.

The risk of irreparable harm is especially pronounced because of the timing of Energizer's Claim.  The period from July through November, commonly referred to as "hurricane season," is a critical one for battery manufacturers, as consumers prepare for potential power outages and other emergency situations.  Jouanneau Decl. ¶ 5.  Hurricane season is followed immediately thereafter by the holiday season—another critical period for battery sales.  *Id.*  Energizer's misleading campaign was clearly intended to coincide with hurricane season—and 2020 is already a record year in this respect.  By making its false and deceptive Claim at this time, Energizer has irreparably damaged, and will continue to irreparably damage, Duracell's brand in the public's mind.

## ARGUMENT

An injunction to stop Energizer's false and misleading advertising campaign is warranted because Duracell can establish (1) a likelihood of success on the

merits or sufficiently serious questions as to the merits; (2) a likelihood of irreparable harm; (3) that the balance of hardships tips in Duracell's favor; and (4) that an injunction would not disserve the public interest. *See Benihana, Inc.* v. *Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015). Here, Duracell easily can meet its burden for each prong.

## I.   DURACELL IS LIKELY TO PREVAIL ON ITS FALSE ADVERTISING CLAIMS

An advertisement is actionable under the Lanham Act if it is false, if it is material because it misrepresents an inherent quality or characteristic of the product, if it was placed in interstate commerce, and if it has or will likely injure the plaintiff. *See* 15 U.S.C. § 1125(a); *Merck Eprova AG* v. *Gnosis S.p.A.*, 760 F.3d 247, 255 (2d Cir. 2014); *S.C. Johnson & Son, Inc.* v. *Clorox Co.*, 241 F.3d 232, 238 (2d Cir. 2001).[3] The elements of Duracell's claims for false advertising, unfair competition, and deceptive acts and practices under New York law mirror the Lanham Act elements in all relevant respects. *Johnson & Johnson Vision Care, Inc.* v. *Ciba Vision Corp.*, 348 F. Supp. 2d 165, 177 n.6 (S.D.N.Y. 2004). Duracell will prevail on its false advertising claims because Energizer's 50% Longer Lasting Claim makes false statements about the longevity of MAX batteries that have caused, and will continue to cause, irreparable harm to Duracell.

### A.   Energizer's 50% Longer Lasting Claim Is False

An advertisement can be either (1) "literally false, *i.e.*, false on its face," or (2) "while not literally false, . . . nevertheless likely to mislead or confuse consumers." *Tiffany (NJ) Inc.* v. *eBay, Inc.*, 600 F.3d 93, 112 (2d Cir. 2010) (quoting *Time Warner*

---

[3]   There is no dispute that Energizer's Claim issued in interstate commerce, as required to state a claim under the Lanham Act. The Claim has appeared on Energizer packaging at retailers in several states, and in online advertisements offering Energizer MAX batteries for sale through the Sam's Club website. Jouanneau Decl. ¶¶ 13, 15–17.

*Cable, Inc.* v. *DIRECTV, Inc.*, 497 F.3d 144, 153 (2d Cir. 2007)).   Energizer's Claim satisfies either condition.

> 1.   **Energizer's Claim Necessarily Implies a Literally False Comparison between Energizer MAX and Duracell Coppertop Batteries**

An advertisement is literally false by "necessary implication" when, considered in its entirety and full context, it necessarily implies a false message.  *Time Warner*, 497 F.3d at 158; *see also Novartis Consumer Health, Inc.* v. *Johnson & Johnson-Merck Pharm. Co.*, 290 F.3d 578, 586–87 (3d Cir. 2002) ("A literally false message may be either explicit or conveyed by necessary implication when, considering the advertisement in its entirety, the audience would recognize the claim as readily as if it had been explicitly stated." (quotation marks omitted)).   Even where "no combination of words" on the page is untrue, a message can be "literally false" under this doctrine if the clear meaning of the statement, considered in context, is false.  *See Time Warner*, 497 F.3d at 154–55, 158.

Here, Energizer's 50% Longer Lasting Claim necessarily implies the literally false statement that MAX batteries outperform Duracell Coppertop batteries by as much as 50%.  Energizer does not claim that MAX batteries outperform *some* basic alkaline batteries.   Instead, Energizer's Claim applies categorically to *all* "basic alkaline batteries"—a category that necessarily, and most obviously, includes Duracell Coppertop batteries as the market leader in general-purpose household alkaline batteries.  Energizer itself has previously referred to Duracell Coppertop batteries as a "basic tier" alkaline battery in its pending action against Duracell in this District.  *See* Compl. ¶ 11, *Energizer Brands, LLC* v. *Duracell U.S. Operations, Inc.*, No. 1:19-cv-09061-JPO, ECF No. 1 (S.D.N.Y. Sept. 30, 2019) (ECF No. 1).

Energizer's decision to launch the Claim at Sam's Club stores, when viewed in context, only underscores the necessarily implied comparison between MAX and Duracell Coppertop batteries.  Until recently, Duracell Coppertop AA batteries were the only batteries of this kind sold at Sam's Club stores.  Sam's Club customers would thus naturally understand the Claim to be a comparison against Duracell Coppertop batteries, since those are the very batteries that Energizer MAX replaced on Sam's Club shelves when Energizer became Sam's Club's exclusive battery supplier.  (In some instances, Duracell Coppertop batteries may remain on the shelves as residual merchandise, further emphasizing the comparison.)

Thus, viewed in its entirety and full context, the clear meaning of Energizer's comparison to "basic alkaline batteries" necessarily includes a comparison to Duracell Coppertop batteries.  And, because testing shows that Energizer MAX batteries do not outlast Duracell Coppertop batteries by anything close to 50%, Energizer's 50% Longer Lasting Claim is literally false.  On this basis alone, Duracell is likely to succeed on the merits of its false advertising claim.

### 2.     Energizer's 50% Longer Lasting Claim Is Implicitly False Because It Causes Consumer Confusion

Duracell is also likely to succeed on the merits of its false advertising claim for an independent reason:  Duracell will show that Energizer's Claim is implicitly false. A statement is "implicitly false" or "misleading" when it "has left an impression on the listener [or viewer] that conflicts with reality—a claim that invites a comparison of the impression, rather than the statement, with the truth."  *Time Warner Cable, Inc.* v. *DIRECTV, Inc*., 497 F.3d 144, 153 (2d Cir. 2007) (quotation marks omitted).  Put differently, when evaluating an advertising claim for implied falsity, "the inquiry is: 'what

does the public perceive the message to be?'" *Merck & Co., Inc.* v. *Mediplan Health Consulting, Inc.*, 425 F. Supp. 2d 402, 417 (S.D.N.Y. 2006) (quoting *Johnson & Johnson-Merck Consumer Pharms. Co.* v. *Smithkline Beecham Corp.*, 960 F.2d 294, 298 (2d Cir. 1992)).  Plaintiffs need only prove "a likelihood of confusion among customers" to enjoin an allegedly deceptive claim.  *Res. Developers, Inc.* v. *Statue of Liberty–Ellis Island Found., Inc.*, 926 F.2d 134, 139 (2d Cir. 1991).

Duracell is likely to succeed on the merits because its consumer perception survey proves that consumers who view Energizer's Claim are being misled.  As described above, a net rate of 52% of consumers surveyed about their understanding of the Claim took away the false message that MAX batteries last up to 50% longer than all or most other alkaline batteries.  Wind Report at 28–29, Ex. 6.  And, a net of 32.1% of consumers believe MAX batteries last up to 50% longer in all or most devices.  *Id.* at 31, Ex. 7.  None of these claims are true.  To the contrary, as discussed, Energizer MAX batteries last 50% longer than only a handful of alkaline batteries, and only when used in a handful of devices.  At least 52% of consumers surveyed therefore understood Energizer's advertising to convey at least one false claim.  Such proof of consumer confusion is more than sufficient to establish a clear likelihood of success.  *See, e.g.*, *Merck Eprova AG* v. *Brookstone Pharm., LLC*, 920 F. Supp. 2d 404, 420 (S.D.N.Y. 2013) (holding that claims were implicitly false where 21% and 11% of surveyed consumers were led to believe a false message); *McNeil-PPC, Inc.* v. *Pfizer Inc.*, 351 F. Supp. 2d 226, 249 (S.D.N.Y. 2005) ("Cases have held that 20% would constitute a substantial percentage of consumers."); *id.* at 252–53 (holding claim was implicitly false where 31% and 26% of surveyed consumers were led to believe a false message); *see also McNeil-P.P.C., Inc.* v. *Bristol-Myers Squibb*

*Co.*, 755 F. Supp. 1206, 1211 (S.D.N.Y. 1990) ("[A]ll that is required is a qualitative showing to establish that a not insubstantial number of consumers received a false or misleading impression from" a challenged advertisement).

> **B.     Energizer's 50% Longer Lasting Claim Is Material Because It Misrepresents an Inherent Quality or Characteristic of MAX Batteries**

Duracell is also likely to succeed in showing that Energizer's Claim is material.   A false statement is material when it would tend to affect a consumer's purchasing decision because the statement concerns an inherent quality or characteristic of the product at issue.  *Apotex Inc.* v. *Acorda Therapeutics, Inc.*, 823 F.3d 51, 63 (2d Cir. 2016); *McNeil-PPC Inc.* v. *Pfizer Inc.*, 351 F. Supp. 2d 226, 284 (S.D.N.Y. 2005). Energizer's Claim plainly meets that standard.   Longevity is one of the core product features motivating consumers' battery purchasing decisions.  *See* Jouanneau Decl. ¶ 11. That is why claims about longevity feature so regularly in battery advertising, including in advertisements for Duracell Coppertop batteries ("dependable, long lasting Coppertop batteries") and alternative marketing for Energizer MAX batteries ("Our #1 Longest-Lasting MAX").  Where, as here, such a core product feature is the subject of a false claim, courts routinely conclude that such claims are material.  *See, e.g.*, *S.C. Johnson & Son, Inc.* v. *Clorox Co.*, 241 F.3d 232, 239–40 (2d Cir. 2001) (affirming injunction on false statements regarding effectiveness of seal of re-sealable storage bags).

**II.     DURACELL HAS SUFFERED AND WILL CONTINUE TO SUFFER IRREPARABLE HARM IF ENERGIZER'S FALSE ADVERTIZING CAMPAIGN IS NOT ENJOINED**

In false advertising cases, a plaintiff "need not point to an actual loss or diversion of sales" to establish irreparable harm at the preliminary injunction stage. *Time Warner Cable, Inc.* v. *DIRECTV, Inc.* 497 F.3d 144, 161 (2d Cir. 2007) (internal quotation

marks and alterations omitted).  The Second Circuit requires only "proof which provides a reasonable basis for believing that the false advertising will likely cause it injury."  *Id.* (internal quotation marks omitted).  Duracell can make that showing in two ways.

*First*, courts in this Circuit presume irreparable harm where, as here, a plaintiff "demonstrates the literal falsity of a defendant's comparative advertisement" and "the plaintiff is an obvious competitor with respect to the misrepresented product." *Reckitt Benckiser, Inc.* v. *Motomco*, 760 F. Supp. 2d 446, 454 (S.D.N.Y. 2011) (Sullivan, J.) (quotation marks omitted); *see also Time Warner*, 497 F.3d at 162.  As discussed, Energizer's Claim is literally false because it necessarily implies a performance comparison to Duracell batteries that is flatly contradicted by available testing data.  Given the history of long-standing competition between Duracell and Energizer, that literal falsity alone is sufficient to establish a presumption of irreparable harm.  *Id.*

*Second*, even absent a presumption, a party may make an independent showing of irreparable harm in a Lanham Act case by showing "(i) that the parties are competitors in the relevant market, and (ii) that there is a logical causal connection between the alleged false advertising and its own sales position." *Reckitt Bensicker*, 760 F. Supp. 2d at 454 (quotation marks omitted); *see also General Mills, Inc.* v. *Chobani, LLC*, 158 F. Supp. 3d 106, 120 (N.D.N.Y. 2016); *Chobani, LLC* v. *Dannon Co., Inc.* 157 F. Supp. 3d 190, 204 (N.D.N.Y. 2016) (applying this test to find that plaintiff suffered irreparable harm and observing that "[i]t is virtually impossible to prove that so much of one's sales will be lost or that one's goodwill will be damaged as a direct result of a competitor's advertisement." (quoting *Coca-Cola Co.* v. *Tropicana Prods., Inc.* 690 F.2d 312, 315 (2d Cir. 1982))).  There is no doubt that Duracell and Energizer are competitors in the market

15

for household alkaline batteries. They are by any measure the two most well-known and recognizable brands of household batteries in the United States, and together they account for 74% of the U.S. market for household batteries. Because Duracell and Energizer are close competitors, "the sale of one party's products would certainly impact the sale of the other party's product. Prospective loss of this good will alone is sufficient to support a finding of irreparable harm." *CJ Products LLC* v. *Snuggly Plushez LLC*, 809 F. Supp. 2d 127, 149 (E.D.N.Y. 2011) (internal quotation marks and alterations omitted); *Chobani*, 157 F. Supp. 3d at 205 (same); *Reckitt Bensicker*, 760 F. Supp. 2d at 454 (same). And, because there is thus a "logical causal connection" between Energizer's false advertising and Duracell's sales position, Duracell is likely to suffer irreparable harm if Energizer's false Claim is not enjoined. *Snuggly Plushez LLC*, 809 F. Supp. 2d at 149; *see also North Am. Olive Oil Ass'n* v. *Kangadis Food Inc.*, 962 F. Supp. 2d 514, 518 (S.D.N.Y. 2013) (finding logical causal connection where parties were in competition and thus, "any additional sales [defendant] enjoys will likely come at the expense of [plaintiffs]"). The need for preliminary injunctive relief is especially acute here because Energizer's deceptive ad campaign coincides with two of the most active periods for sales of AA batteries— hurricane season, and the holiday season. Jouanneau Decl. ¶ 5.

## III.    THE EQUITABLE FACTORS FAVOR DURACELL

The remaining preliminary injunction factors—the balance of hardships and the public interest—tip in Duracell's direction.

The balance of hardships weighs in Duracell's favor almost by definition, because Energizer cannot "assert an equitable interest in the perpetuation of an advertising campaign," like the 50% Longer Lasting Claim, that is false. *See Reckitt Benckiser*, 760

F. Supp. 2d at 456-57; *see also CJ Prods.*, 809 F. Supp. 2d at 149 ("Defendants are unable to assert an equitable interest in continuing a false advertising campaign.").  On the other hand, as discussed above, Duracell is likely to suffer irreparable harm in the form of at least some unascertainable loss of sales and goodwill if Energizer is allowed to continue its false and misleading claims.  *Supra* 9, 14–16.

Even if Energizer could assert some protectable interest in continuing to deceive consumers about the longevity of MAX batteries (which it cannot), this is not a case in which an injunction would impose an undue hardship on Energizer.  This is not a case, for example, in which the at-issue product is perishable and subject to waste if it is recalled.  *Cf. Danone, US, LLC* v. *Chobani, LLC*, 362 F. Supp. 3d 109, 117 (S.D.N.Y. 2019).  To the contrary, Energizer's packaging makes clear that MAX batteries have a ten-year shelf life.  *Supra* 5.  Thus, any conceivable hardship an injunction would impose on Energizer would be limited to the costs of creating packaging and inserts bearing truthful marketing claims, as should have been done in the first place, for packs that are still in production and stickering over the false and misleading claims on existing MAX packages. That minimal hardship is significantly outweighed by the irreparable harm to Duracell that would persist in the absence of injunctive relief.

Finally, the public interest would be served, rather than disserved, by an injunction in this case.  "The public has a strong interest in receiving accurate information" and "preventing customer confusion or deception."  *CJ Prods.*, 809 F. Supp. 2d at 149 (quotation marks omitted).  As a result, courts in this Circuit routinely conclude that injunctions to stop false advertising campaigns serve the public interest.  *See id.*; *see also North Am. Olive Oil Ass'n*, 962 F. Supp. 2d at 524 (noting that "public interest . . . will

17

indeed be well served by ensuring that consumers do not purchase a product based on false advertising"); *Reckitt Benckiser*, 760 F. Supp. 2d at 457 ("[T]he public interest is served by preventing customer confusion or deception") (citation omitted).   So too here. Enjoining the 50% Longer Lasting Claim will serve the public interest by preventing customers from incorrectly concluding that Energizer MAX batteries last longer than Duracell Coppertop batteries, or other brands of household alkaline batteries.

## CONCLUSION

For the foregoing reasons, Duracell respectfully requests that the Court enter a preliminary injunction barring Energizer from marketing its MAX batteries as lasting "up to 50% longer than basic alkaline in demanding devices."

Dated:   New York, New York
         September 15, 2020

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON &
  GARRISON LLP

By:   */s/ Andrew Gordon*
      Andrew Gordon
      Darren W. Johnson
      Aaron Delaney
      1285 Avenue of the Americas
      New York, New York 10019-6064
      Tel: (212) 373-3000
      Fax: (212) 492-0710
      agordon@paulweiss.com
      djohnson@paulweiss.com
      adelaney@paulweiss.com

      Craig A. Benson*
      2001 K Street, NW
      Washington, DC 20006
      Telephone: 202-223-7300
      Fax: 202-223-7420
      cbenson@paulweiss.com

      *Attorneys for Plaintiff Duracell U.S.
      Operations, Inc.*

      *\*Pro hac vice motion forthcoming.*

19