## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Duracell U.S. Operations, Inc.,

                            Plaintiff,

            - against -

Energizer Brands, LLC,

                          Defendant.

No. 1:20-cv-07318 (JPO)

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, by and among the parties hereto, through their undersigned counsel, that the following provisions of this Stipulated Protective Order (the "Protective Order") govern disclosure and use by the parties of all documents, testimony, exhibits, interrogatory answers, responses to requests to admit, electronically stored information ("ESI"), and any other materials and information produced or provided in the above-referenced Action ("Discovery Materials"). The parties intend to produce Discovery Materials in this action that at least one party considers to be or to contain confidential information, and that are subject to protection under Federal Rule of Civil Procedure 26(c). The parties agree that good cause exists to protect the confidential nature of the information contained in Discovery Materials. The parties further agree that the entry of this Protective Order is warranted to protect against public disclosure of such Discovery Materials.

Based upon the stipulation of the parties, and the Court being duly advised,

IT IS HEREBY ORDERED as follows:

1

1.      This Protective Order shall govern all Discovery Materials, whether revealed in a document, deposition, other testimony, discovery response, or otherwise, by any party to this litigation (the "Supplying Party") to any other party (the "Receiving Party"), when the same is designated in accordance with the procedures set forth herein.  This Protective Order is binding upon the parties to this litigation, including their respective corporate parents, subsidiaries, and affiliates and their respective attorneys, agents, representatives, and others as set forth in this Protective Order.

2.      Subpoenaed third parties who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Protective Order and thereby become a Supplying Party for purposes of this Protective Order if they agreed to be bound by its terms and conditions by signing a Certification, in the form annexed hereto as Exhibit A, acknowledging that he or she has read this Protective Order and shall abide by its terms.

3.      Use of any Discovery Materials produced by the parties in discovery in this case, including those labeled "Confidential," "Highly Confidential - Attorneys' Eyes Only," or "Highly Confidential - Outside Counsel Only" and subject to this Protective Order, and all information derived therefrom shall be restricted solely to the litigation of this case and shall not be used by any party for any business, commercial, or competitive purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the Receiving Party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or documents was lawfully obtained through means or sources outside of this litigation.

4.      Any Supplying Party, may, through counsel, designate as "Confidential," "Highly Confidential - Attorneys' Eyes Only," or "Highly Confidential - Outside Counsel Only" documents, testimony, written responses, or other materials produced in this case if the Supplying Party has a good faith basis for believing that the documents, testimony, written responses, or other materials constitute, reflect, or disclose its confidential and proprietary information under Fed. R. Civ. P. 26(c)(1)(G) and applicable legal standards (all of which is hereinafter referred to as "Designated Material").  Material that is available to the public, including advertising or promotional materials and the like, shall not be designated "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Outside Counsel Only," unless Designated Material is contained in the particular edition of such being designated. The Supplying Party shall designate each page of the document with a stamp identifying it as "Confidential," "Highly Confidential - Attorneys' Eyes Only," or "Highly Confidential - Outside Counsel Only" if practical to do so. Where it is impractical to designate each page of an electronic document (e.g., where native files are produced), the Supplying Party shall include the words "Confidential," "Highly Confidential - Attorneys' Eyes Only," or "Highly Confidential - Outside Counsel Only" in the file name.

5.      A Receiving Party shall not file any document with the Court containing Designated Material without either obtaining the Supplying Party's consent to filing the document on the public record or seeking leave of Court to file the document under seal.

6.      No document, material or thing shall be filed under seal in this action except pursuant to the Court's rules and procedures, including Section 6.1 of the Southern District of New York's Electronic Case Filing Rules & Instructions, and consistent with this Protective Order. Motions for leave of Court to file documents under seal shall be accompanied

by an appropriate affidavit or declaration describing why the material is confidential. The motion shall set forth the reasons why the information should not be disclosed in a public filing and how the information meets the requirements for requests to seal documents identified by the Court in any applicable orders. If the Receiving Party is making the filing, then it only needs to state in its Motion that it is not the party that designated the document as "Confidential," "Highly Confidential - Attorneys' Eyes Only," or "Highly Confidential - Outside Counsel Only"  and reference this paragraph.

7.      To the extent a Receiving Party files Designated Material under seal, the Supplying Party shall have up to five (5) calendar days after service to file an affidavit or declaration describing why the material is confidential and should remain sealed. Alternatively, the Supplying Party may file a notice with the Court that the document may be unsealed. If no party argues in favor of a seal within this time frame, the Court shall unseal the document.

8.      Any documents filed with the Court under seal pursuant to this Order shall be marked as follows or in substantially similar form:

> CONFIDENTIAL
> IN ACCORDANCE WITH A PROTECTIVE ORDER, THE
> ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND
> SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN
> THOSE PERSONS DESIGNATED IN PARAGRAPH 10 OF THE
> PROTECTIVE ORDER.
>
> *or*
>
> HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
> IN ACCORDANCE WITH A PROTECTIVE ORDER, THE
> ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS'
> EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON
> OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH
> 11 OF THE PROTECTIVE ORDER.
>
> *or*
>
> HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE
ENCLOSURE(S) SHALL BE TREATED AS FOR OUTSIDE COUNSEL
ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN
THOSE PERSONS DESIGNATED IN PARAGRAPH 12 OF THE
PROTECTIVE ORDER.

Such sealed filings shall be opened only by the Court or by personnel authorized

to do so by the Court.

9.      Within thirty (30) days after receipt of the final transcript of the deposition

of any party or witness in this case, a Supplying Party may designate as "Confidential," "Highly

Confidential - Attorneys' Eyes Only," or "Highly Confidential - Outside Counsel Only" any

portion of the transcript that the party or witness contends discloses confidential information.

Unless otherwise agreed, all deposition transcripts will be treated as "Highly Confidential -

Outside Counsel Only" until the expiration of the thirty-day period.  All copies of deposition

transcripts that contain Designated Material shall be prominently marked "Confidential,"

"Highly Confidential - Attorneys' Eyes Only," or "Highly Confidential - Outside Counsel Only"

as appropriate, on the cover thereof.

10.     Use of any information, documents, or portions of documents marked

"Confidential," including all information derived therefrom, shall be restricted solely to the

following persons, who agree to be bound by the terms of this Protective Order, unless additional

persons are stipulated by counsel or authorized by the Court:

   a.      Outside counsel of record for the parties, and the administrative staff of

           outside counsel's firms.

   b.      In-house counsel for the parties, and the administrative staff for each in-

           house counsel.

c.     Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

d.     Independent consultants or expert witnesses (including partners, associates, and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.  Any report created by such expert or consultant relying on or incorporating Designated Material in whole or in part shall be designated as "Confidential" by the party responsible for its creation.

e.     The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the Parties during the litigation of this action.

f.     The authors and the original recipients of the Designated Material.

g.     Any court reporter or videographer reporting a deposition.

h.     Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

i.     Any mediator or arbitrator engaged by the named parties to this Action.

j.     Deponents and witnesses or prospective witnesses (and counsel for such witnesses) to the extent reasonably necessary in connection with their

testimony in this Action or the preparation thereof; provided, however, that a person identified solely in this sub-paragraph shall not be permitted to retain copies of Designated Materials.

11. Counsel shall take all reasonable and necessary steps to ensure the security of any Designated Material marked "Confidential" and will limit access to such material to those persons listed in paragraph 10 of this Protective Order.

12. Use of any Designated Material marked "Highly Confidential - Attorneys' Eyes Only," including all information derived therefrom, shall be restricted solely to the persons listed in paragraphs 10(a), 10(d), 10(e), 10(f), 10(g), 10(h), and 10(i) as well as designated in-house corporate counsel and designated support staff, which shall be Kate A. Dugan, Hannah Kim, and Shelley Smugala for Energizer and Gary Hood and Leo White for Duracell (for the avoidance of doubt, this shall be limited solely to these individuals and shall not include any additional support staff or other persons), unless additional persons are stipulated by counsel or authorized by the Court. Counsel shall take all reasonable and necessary steps to ensure the security of any Designated Material marked "Highly Confidential – Attorneys' Eyes Only," and will limit access to such material to those persons listed in this paragraph.  Designated Material marked "Highly Confidential – Attorney's Eyes Only" produced or provided by any Supplying Party will be kept in the Receiving Party's outside counsel's possession (or designated in-house corporate counsel's possession) and/or in the possession of the Receiving Party's outside consultants, experts, or other persons entitled to receive copies of the documents pursuant to this paragraph.

13. Use of any Designated Material marked "Highly Confidential – Outside Counsel Only," including all information derived therefrom, shall be restricted solely to the

persons listed in paragraphs 10(a), 10(d), 10(e), 10(f), 10(g), 10(h), and 10(i) unless additional persons are stipulated by counsel or authorized by the Court. Counsel shall take all reasonable and necessary steps to ensure the security of any Designated Material marked "Highly Confidential – Outside Counsel Only," and will limit access to such material to those persons listed in this paragraph.  Designated Material marked "Highly Confidential – Outside Counsel Only" produced or provided by any Supplying Party will be kept in the Receiving Party's outside counsel's possession and/or in the possession of the Receiving Party's outside consultants, experts, or other persons entitled to receive copies of the documents pursuant to this paragraph.

14.    Prior to being shown any Designated Material, any person listed under paragraph 10(c) 10(d), or 10(j) shall agree to be bound by the terms of this Protective Order by signing the agreement attached as Exhibit A.

15.    If Designated Material is used during depositions or in preparing a witness for testimony, it shall not lose its status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its designated status during such use.

16.    Whenever Designated Material pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, the Supplying Party may exclude from the room any person, other than persons designated in Paragraphs 10, 12, and 13 as appropriate, for that portion of the deposition.

17.    Whenever a party intends to reveal Designated Material pursuant to this Protective Order during a trial, court appearance, or hearing which is open to the public, the party intending to reveal such information shall provide reasonable notice and opportunity to the Supplying Party to object, unless written consent from the Supplying Party is previously obtained.

18.     Any Supplying Party may redesignate under paragraph 4 above (or withdraw a designation regarding) any Discovery Material ("Redesignated Material") that it has produced; provided, however, that such redesignation shall be effective only as of the date of such redesignation.  Such redesignation (or withdrawal) shall be accomplished by notifying counsel for each party in writing of such redesignation (or withdrawal).  Upon receipt of any such written redesignation, counsel of record shall: (i) not make any further disclosure or communication of such Redesignated Material except as provided for in this Protective Order; (ii) take reasonable steps to notify any persons known to have possession of any Redesignated Material of the treatment of such material required under this Protective Order pursuant to the redesignation; and (iii) promptly endeavor to procure all copies of such Redesignated Material from any persons known to have possession of any such Redesignated Material who are not entitled to receipt of Designated Material under paragraphs 10, 12, or 13  above.

19.     Any party may request at any time permission to disclose Designated Material to a person other than those permitted under paragraphs 10, 12, or 13 above, or to use such information in a manner prohibited by this Protective Order, by serving a written request upon the Supplying Party's counsel.  Any such request shall state the Designated Material the party wishes to disclose, to whom it wishes to make disclosure, and the reason(s) and purpose(s) therefor.  The Supplying Party or its counsel shall thereafter respond to the request in writing (by hand delivery, courier, or email transmission) as soon as practicable, but within fifteen (15) calendar days of its receipt of such request.  If consent is withheld, the Supplying Party or its counsel shall state the reasons why it is withholding such consent.  Failure to respond within such fifteen-day period shall constitute consent to the

request.  If, where consent is withheld, the requesting party and the Supplying Party are subsequently unable to agree on the terms and conditions of disclosure, disclosure may only be made in accordance with the Supplying Party's designation of the material as "Confidential," "Highly Confidential - Attorneys' Eyes Only," or "Highly Confidential - Outside Counsel Only" unless and until differing treatment is directed pursuant to an order of the Court.

   20. Each party reserves the right to dispute the confidential status claimed by any Supplying Party in accordance with this Protective Order by serving a written objection upon the Supplying Party's counsel.  The Supplying Party or its counsel shall thereafter, within ten (10) business days, respond to such objection in writing by either (i) agreeing to remove or change the designation; or (ii) stating the reasons for such designation.  If the objecting party continues to believe that any documents or materials have been inappropriately designated by a Supplying Party, that party shall confer with counsel for the Supplying Party. As part of that conferral, the Supplying Party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

   21. Nothing in this Protective Order shall restrict any party's counsel from rendering advice to its clients with respect to this proceeding and, in the course thereof, relying

upon Designated Material, provided that in rendering such advice, counsel shall not disclose any other party's Designated Material, other than in a manner provided for in this Protective Order.

22.     The inadvertent failure to designate Discovery Material as "Confidential," "Highly Confidential - Attorneys' Eyes Only," or "Highly Confidential - Outside Counsel Only" prior to disclosure shall not operate as a waiver of the Supplying Party's right to later designate the Discovery material as "Confidential," "Highly Confidential - Attorneys' Eyes Only," or "Highly Confidential - Outside Counsel Only." Disclosure of said Discovery Material by a Receiving Party prior to such later designation shall not be deemed a violation of the provisions of this Protective Order, provided, however, that promptly after receiving notice from the Supplying Party of a redesignation, the Receiving Party or its counsel shall inform the Supplying Party of all pertinent facts relating to the prior disclosure of the newly-designated Discovery Materials, and shall make reasonable efforts to retrieve such Discovery Materials from persons who are not entitled to its receipt under paragraphs 10, 12, and 13, and to prevent further disclosure.  The Receiving Party or its counsel shall not disclose such Discovery Material if that party or counsel knows or reasonably should know that a designation would be made by the Supplying Party, but shall instead notify the Supplying Party.

23.     Pursuant to Rule 502(d) of the Federal Rules of Evidence, the inadvertent production of any privileged materials or other materials exempt from production by any Supplying Party shall not be deemed a waiver or impairment of any claim of privilege or exemption (including under the attorney-client privilege or work product doctrine) concerning any such materials or the subject matter thereof. Each such party reserves the right to redesignate as privileged or exempt any materials that it produces or has already produced.  Upon receiving written notice, parties who have received materials redesignated as privileged shall, within five

11

(5) business days, return or destroy all copies of such materials and provide a certification of counsel that all such information has been returned or destroyed.  Notwithstanding the above, a party may move the Court for an Order compelling production of the inadvertently disclosed information.  The motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.  The provisions of Federal Rule of Evidence 502(b) are inapplicable to the disclosure of privileged material under this Protective Order.

24.     Designation by either party of Discovery Material as privileged, "Confidential," "Highly Confidential - Attorneys' Eyes Only," or "Highly Confidential - Outside Counsel Only," or failure to so designate, will not constitute an admission that Discovery Materials are or are not privileged, confidential, or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the Discovery Material in dispute, the fact that the other party designated or failed to designate Discovery Material as privileged, "Confidential," "Highly Confidential - Attorneys' Eyes Only," or "Highly Confidential - Outside Counsel Only."

25.     Upon the request of the producing party or third party, within thirty (30) days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive Designated Material shall return to the Supplying Party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel. The party requesting the return of materials shall pay the reasonable costs,

not including attorney's fees, of responding to its request. Notwithstanding the foregoing, counsel for a party may retain archival copies of confidential documents.

26.     If Designated Material is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the Supplying Party of all pertinent facts relating to such disclosure and make all reasonable efforts to recover all copies of the Designated Material and prevent further disclosure or dissemination by each unauthorized person who received such Designated Material.

27.     In the event of a proven willful violation of this Protective Order by any of the parties in this action or others designated in paragraphs 10, 12, or 13 hereof, all parties acknowledge that the offending party or persons may be subject to sanctions determined in the discretion of the Court.

28.     The foregoing provisions concerning confidentiality of Designated Material shall continue through the trial and any appeals related to this Proceeding, unless otherwise modified by agreement of the parties or order of the Court.  The parties shall be free to use any admissible Designated Material at trial and any appeals related to this Proceeding but shall work together to fashion appropriate measures to limit the disclosure of such Designated Materials.  The Court shall issue any relief, if necessary, prior to trial or to the hearing in open court upon motion or agreement of the parties.

29.     This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any Discovery Material.

30. Nothing contained in this Protective Order shall preclude any party from using its own Designated Material in any manner it sees fit, without prior consent of any party or the Court.

31. The terms of this Protective Order may be amended or modified by written agreement of the parties and further order of the Court, or upon motion and order of the Court. This Protective Order shall continue in force until amended or superseded by express order of the Court and shall survive any final judgment or settlement in this proceeding.

32. The restrictions on disclosure and use of Designated Material shall survive the conclusion of this action, and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

So stipulated:

| | |
|---|---|
| /s/    *Andrew Gordon* | /s/    *Bryan Wolin* |
| Andrew Gordon | William H. Brewster (WB 2245) |
| Darren W. Johnson | R. Charles Henn Jr. (RH 3049) |
| Aaron Delaney | 1100 Peachtree Street, NE, Suite 2800 |
| Paul, Weiss, Rifkind, Wharton & | Atlanta, Georgia 30309 |
| Garrison LLP | Telephone: (404) 815-6500 |
| 1285 Avenue of the Americas | Facsimile: (404) 815-6555 |
| New York, NY 10019 | Email: bbrewster@kilpatricktownsend.com |
| 212-373-3000 | chenn@kilpatricktownsend.com |
| Fax: 212-757-3990 | |
| agordon@paulweiss.com | Bryan Wolin (BW 8339) |
| djohnson@paulweiss.com | The Grace Building |
| adelaney@paulweiss.com | 1114 Avenue of the Americas, Fl. 21 |
| | New York, New York 10036 |
| Craig A. Benson | Telephone: (212) 775-8700 |
| 2001 K Street, N.W. | Facsimile: (212) 775-8800 |
| Washington, DC 20006-1047 | Email: bwolin@kilpatricktownsend.com |
| (202) 223-7420 | *Attorneys for Defendant Energizer Brands,* |
| cbenson@paulweiss.com | *LLC* |
| *Attorneys for Plaintiff Duracell U.S.* | |
| *Operations, Inc.* | |

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Stipulated Protective Order in this action.

**PURSUANT TO STIPULATION, IT IS SO ORDERED**

_____
J. PAUL OETKEN
United States District Judge

Dated: October 22, 2020
New York, New York

15

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Duracell U.S. Operations, Inc.,

                                    Plaintiff,                    No. 1:20-cv-07318 (JPO)

                - against -

Energizer Brands, LLC,

                                    Defendant.

<u>CERTIFICATION</u>

The undersigned hereby acknowledges that, having read the Protective Order issued by the Court in the above-captioned action on _____, 20__, the undersigned understands the terms thereof and agrees to be bound thereby.  The undersigned further agrees to submit to the jurisdiction of the United States District Court for the Southern District of New York and understands that the Court may impose sanctions for any violation of the Protective Order.

_____
        Date

                        _____
                                Name (typed or printed)


                        _____
                                Signature